IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Chep USA,

    Plaintiff,

v.                                                              No. 2:23-cv-634 KWR/KRS

GILLIS FARMS, INC. and
DESERT SPRINGS PRODUCE, LLC,

    Defendants.

**<u>ORDER TO AMEND COMPLAINT AND TO FILE DISCLOSURE STATEMENT</u>**

THIS MATTER comes before the Court sua sponte, following its review of the record and Plaintiff's Second Amended Complaint. (Doc. 21). Plaintiff filed this matter in federal court citing diversity jurisdiction. *Id.* at 1-2. The Court has a duty to determine whether subject matter jurisdiction exists sua sponte. *See Tuck v. United States Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Under 28 U.S.C. § 1332(a), federal courts have "original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." A federal court's jurisdiction must clearly appear from the face of a complaint … ." *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972).

Plaintiff states that it is a New York General Partnership with its principal office in Georgia, and that its partners are Brambles North America Incorporated and Brambles Industries, LLC. (Doc. 21) at 1; (Doc. 4) at 1 (Plaintiff's Rule 7.1 Disclosure Statement). Plaintiff further states that both Brambles North America Incorporated and the sole member of Brambles Industries, LLC are Delaware corporations with their principal offices and principal places of business in Georgia. As for Defendants, Plaintiff states that Defendant Gillis Farms, Inc. is a

New Mexico corporation with its principal office and principal place of business in New Mexico, and that Defendant Desert Springs Produce, LLC is a New Mexico limited liability company with its principal office and principal place of business in New Mexico. (Doc. 21) at 2.

Determining the citizenship of an LLC is different from determining the citizenship of a corporation under 28 U.S.C. § 1332. A corporation is deemed to be a citizen of the state in which it is incorporated and in which it maintains its principal place of business. *See* § 1332(c). An LLC, on the other hand, is a citizen of each and every state in which any member is a citizen. *See Siloam Springs Hotel, LLC v. Century Sur. Co*., 781 F.3d 1233, 1237-38 (10th Cir. 2015) (remanding to the district court to determine the citizenship of all the members of the plaintiff limited liability company). The Complaint fails to allege the citizenship of every LLC member of Desert Springs Produce, LLC. Therefore, Plaintiff's Second Amended Complaint fails to allege the necessary facts to determine if this case is "between citizens of different States." 28 U.S.C. § 1332(a).

Additionally, Federal Rule of Civil Procedure 7.1(a)(2) requires: "In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must … file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor … when the action is filed in or removed to federal court … ." Fed. R. Civ. P. 7.1(a)(2)(A). Neither Defendant Gillis Farms, Inc., nor Defendant Desert Springs Produce, LLC, have filed a disclosure statement.

IT IS THEREFORE ORDERED that **no later than November 15, 2023** Plaintiff shall amend its Complaint to properly allege facts sufficient for diversity jurisdiction, if such

allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.  Failure to do so may result in this case being dismissed without prejudice.

IT IS FURTHER ORDERED that **no later than November 15, 2023** Defendants shall file a disclosure statement pursuant to Rule 7.1(a)(2).

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE